**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| TYSHEKA DUDLEY, ) <br> ) Civil Action No. <br> Plaintiff, ) <br> ) <br> v. ) **DEFENDANT'S NOTICE OF AND** <br> ) **PETITION FOR REMOVAL** <br> METLIFE GROUP INC., ) <br> ) <br> Defendant. ) <br> ) | |

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant MetLife Group, Inc. ("MetLife" or "Defendant"), files this Notice of and Petition for Removal and states:

## I. INTRODUCTION

1. On February 28, 2018, Plaintiff Tysheka Dudley ("Dudley" or "Plaintiff") filed this employment action against Defendant in the Iowa District Court in and for Polk County under case number LACL140518, alleging claims of failure to accommodate, disability discrimination, race discrimination, pregnancy discrimination, and retaliation under the Iowa Civil Rights Act. *See* Exhibit A.

2. Plaintiff served Defendant with her Petition and Jury Demand on March 8, 2018.

3. Defendant has timely filed this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## II. BASIS FOR REMOVAL

4. This Court has original jurisdiction over Plaintiff's claims based upon diversity of citizenship. Under 28 U.S.C. § 1332, diversity of citizenship exists where the suit is between citizens of different states and the amount in controversy likely exceeds $75,000.

5. Complete diversity of citizenship exists between the parties. Plaintiff admits in Paragraph 2 of her Petition that she is a citizen of Iowa. *See* Exhibit A. MetLife is incorporated

1

in Delaware. MetLife's principle place of business is in New York. Plaintiff admits this is Paragraph 3 of her Petition.

6. The amount in controversy exceeds $75,000. Plaintiff seeks, among other relief: backpay, front pay, employment benefits, emotional distress damages, attorney's fees, and costs. *See* Exhibit A.

7. Based on the complete diversity of citizenship of the parties and the amount in controversy, jurisdiction is proper under 28 U.S.C. §1332.

### III.  PROCEDURAL STATEMENTS

8. Removal to this Court is appropriate under 28 U.S.C. § 1441(a), because this district and division embrace the place in which the state court action has been pending.

9. True and correct copies of Plaintiff's Petition and Jury Demand and all other pleadings or orders on file in the State Action are attached hereto as Exhibit A.

10. As required by 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the District Court in and for Polk County.

11. Pursuant to the local rules, Defendant states that it is unaware of any other matters pending in state court. The attorneys appearing in state court on behalf of the Plaintiff are Beatriz Mate-Kodjo and Jill Zwagerman. Their emails are jzwagerman@newkirklaw.com and bmate-kodjo@newkirklaw.com.

### IV.  CONCLUSION

12. For the foregoing reasons, Defendant respectfully requests that further proceedings in the State Court Action be discontinued, and that this suit be removed to the United States District Court for the Southern District of Iowa.

DATED this 27th day of March, 2018.

By: */s Jacqueline F. Langland*
Christopher E. Hoyme, AT0010405
Jacqueline F. Langland, AT0011449
Jackson Lewis P.C.
10050 Regency Circle, Suite 400
Omaha, NE 68114
Telephone: 402-391-1991
Facsimile: 402-391-7363
hoymec@jacksonlewis.com
Jacqueline.langland@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 27th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system which sent notification of such filing to all counsel of record.

*/s/ Jacqueline F. Langland*

4849-0016-2655, v. 1

# IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY

| | |
|---|---|
| TYSHEKA DUDLEY,<br><br>   Plaintiff,<br><br>vs.<br><br>METLIFE GROUP INC.,<br><br>   Defendant. | CL No:<br><br><br><br><br>**PETITION AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Tysheka Dudley, by and through her attorneys, Newkirk Zwagerman, P.L.C., and for her cause of action hereby states the following:

## INTRODUCTION

1. This is an employment discrimination action filed under the Iowa Civil Rights Act alleging race, disability discrimination, failure to accommodate, pregnancy discrimination, and retaliation toward Plaintiff by Defendant.

2. Plaintiff, Tysheka Dudley, an African American female, is resident and citizen of Des Moines, Polk County, Iowa.

3. MetLife Group Inc., (hereinafter "MetLife") is a Delaware corporation, headquartered in New York and doing business as MetLife in West Des Moines, Polk County, Iowa.

4. The acts of which Plaintiff complains occurred in Polk County, Iowa.

5. Jurisdiction and venue are proper in Polk County as MetLife's offices are located in West Des Moines, Polk County, Iowa, and the actions of which Plaintiff complains occurred in West Des Moines, Polk County, Iowa.

## PROCEDURAL REQUIREMENTS

6. On approximately November 10, 2016, within 300 days of the acts of which she

1


**EXHIBIT A**

complains, Plaintiff filed charges of employment discrimination against Defendants with the Iowa Civil rights Commission.

7. Within 90 days of the date of filing this Petition, Plaintiff obtained a Right to Sue letter from the Iowa Civil Rights Commission.

## ALLEGATIONS OF FACT

8. Plaintiff, Tysheka Dudley, an African American woman, was hired to work for MetLife in June 2006.

9. Ms. Dudley first worked as an Annuity Service Representative and later worked as a Senior Annuity Service Representative.

10. As a Senior Annuity Service Representative, Ms. Dudley's job duties were to answer and document incoming calls, educate Financial Service Representatives and internal partners, research and respond to errors, correct application and contract discrepancies, and processing delays, research special requests made by Financial Service Representatives and internal partners, and stay current with annuity markets and products.

11. Prior to, and during her employment with Defendant, Ms. Dudley has been diagnosed with ADHD or Attention Deficit Hyperactive Disorder.

12. Ms. Dudley's ADHD symptoms include inattentiveness, impulsivity and hyperactivity.

13. Ms. Dudley has successfully managed her ADHD for many years, even before she started working for Defendant.

14. Ms. Dudley did not have work restrictions for the greater part of her ten years with Defendant because of her ADHD because she had always been able to manage her symptoms- often with medication.

15. In April 2015, Ms. Dudley asked Defendant for accommodations for her disability because she was changing medications for her ADHD which caused her to experience some of her symptoms.

16. Ms. Dudley was qualified to do her job and could do her job duties with her ADHD symptoms with reasonable accommodation.

17. Ms. Dudley asked Supervisor Moses for a sit/stand desk, a low traffic work area, noise cancelling headphones, dictation software, additional breaks, and access to her recorded calls for note-taking purposes.

18. Employee Relations told Ms. Dudley she was eligible for accommodations, including a sit/stand desk, noise cancelling head phones, a low traffic work area, dictation software, and additional breaks, but she did not receive effective accommodations for her disability.

19. The sit/stand desk would not stay upright and the dictation software was not compatible with Ms. Dudley's work phone.

20. Ms. Dudley complained about the ineffective accommodations to Supervisor Moses and Employee Relations, but nothing was done to get Ms. Dudley effective accommodations.

21. On or about August 2015, Ms. Dudley became pregnant and informed her Supervisor, Moses.

22. Ms. Dudley was qualified to do her job and could do her job duties while pregnant and with her ADHD symptoms with reasonable accommodation.

23. Ms. Dudley again asked Defendant for accommodations because she could not take her ADHD medication while pregnant.

24. Ms. Dudley informed Supervisor Moses that she could not take her ADHD medication while pregnant and she told her what her ADHD symptoms were and how they could impact her performance metrics.

25. Ms. Dudley's ADHD symptoms made it harder for her to do her job duties which involved taking, processing, and documenting multiple calls.

26. Ms. Dudley asked Supervisor Moses if she could move to one of the open processing positions. She also asked that her phone queue be decreased so she could manage her ADHD while pregnant.

27. A job in processing would have helped Ms. Dudley review her work and make needed corrections. A less busy phone queue would have helped Ms. Dudley manage her ADHD symptoms.

28. Supervisor Moses did not move Ms. Dudley to a processing position or change her phone queue.

29. In fall 2015, Ms. Dudley needed additional breaks because of her morning sickness and her need to use the restroom more frequently due to her pregnancy. Supervisor Moses gave Ms. Dudley a write up for productivity even though Ms. Dudley's productivity metric was affected by her need to take more breaks due to her pregnancy. Even though Ms. Dudley explained that her productivity metric was affected by her pregnancy, Supervisor Moses still wrote her up.

30. Supervisor Moses did not engage in the interactive process or take any action in response to Ms. Dudley's request for accommodations during her pregnancy. Instead, Supervisor Moses disciplined Ms. Dudley for performance metrics tied to her ADHD symptoms—including but not limited to quality assurance metrics.

31. Quality assurance metrics scores were posted such that Ms. Dudley could see that

4

her white coworkers scored lower than she did on a regular basis.

32. Caucasian employees that had low, or lower, quality assurance metrics scores than Plaintiff were not similarly disciplined for their scores.

33. Caucasian employees without disabilities from Ms. Dudley's department were permitted to change phone queues but Ms. Dudley, who requested the change as an accommodation, was not permitted to change phone queues or work in processing.

34. While Ms. Dudley was not taken off the busier phone queue as she requested, her Caucasian coworkers were taken off the same phone queue thereby increasing the number of calls distributed to Ms. Dudley.

35. Disciplining Ms. Dudley for performance measures that white employees were not disciplined for is discriminatory on the basis of race and evidence of pretext for Ms. Dudley's other discrimination claims.

36. Supervisor Moses did not pull Ms. Dudley's calls so that she could refer back to audio of her conversations to help her document calls. Instead she told Ms. Dudley that pulling her calls would be an inconvenience to her.

37. The dictation software would have transcribed calls and helped Ms. Dudley document her phone calls mitigating the symptoms of her ADHD.

38. Ms. Dudley followed up with Defendant but it was several weeks before Supervisor Moses responded to her August 2015 request for effective accommodations. Instead of engaging in the interactive process, Supervisor Moses referred Ms. Dudley to Employee Relations.

39. In November 2015, Ms. Dudley received a final written warning for quality assurance performance metrics that were affected by her ADHD.

40. Caucasian employees that had low, or lower, quality assurance metrics scores than

5

Plaintiff were not similarly disciplined.

41. In February 2016, Ms. Dudley contacted Employee Relations because she had not been provided with effective accommodations for her disability or her pregnancy.

42. Instead of engaging in the interactive process, Employee Relations recommended Ms. Dudley request job leave.

43. Ms. Dudley told Supervisor Moses she believed her work performance was affected because she had not been provided the accommodations she had requested.

44. Ms. Dudley asked Supervisor Moses whether she should take a leave or what other accommodations she could request in order to keep working.

45. Supervisor Moses told Ms. Dudley she would work with her, however, she did not.

46. By March 2016, Ms. Dudley still had no accommodations for her disability or her pregnancy.

47. Defendant fired Ms. Dudley on March 4, 2016.

### COUNT I:
### VIOLATION OF THE IOWA CIVIL RIGHTS ACT FOR
### RACE, DISABILITY (REAL OR PERCEIVED) & PREGNANCY DISCRIMINATION &
### FAILURE TO ACCOMMODATE

48. Plaintiff realleges paragraphs 1-47 in this petition as if fully set forth herein.

49. Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment on the basis of her race, disability (real or perceived) and pregnancy in violation of Iowa Code § 216.

50. Plaintiff is an African American female with ADHD protected by law from discriminatory practices.

51. Plaintiff informed Defendant she was pregnant in August 2015.

52. Plaintiff requested accommodations for her disability beginning in April 2015.

53. Plaintiff requested accommodations for her pregnancy beginning in August 2015.

54. Plaintiff attempted to engaged in the interactive process with Defendant, but Defendant did not engage in the interactive process with her on multiple occasions.

55. Plaintiff's disability and pregnancy were motivating factors in Defendant's decision to discipline her in November 2015.

56. Plaintiff complained about the previous failures to accommodate her in February 2016, but still failed to accommodate her in February 2016. These are facts which tend to show that Plaintiff's disability (real or perceived) and pregnancy were motivating factors in the decision to fire her in March 2016.

57. Defendant held Plaintiff to a higher performance standard that her white coworkers.

58. Defendant disciplined Plaintiff for scores that white employees were not similarly disciplined for which is discriminatory on the basis of race. These discriminatory disciplinary actions were then used as justification for Plaintiff's termination which is discriminatory on the basis of race.

59. As a proximate result of Defendant's acts and omissions Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress, lost wages, benefits, future earnings and other emoluments of employment.

60. In addition, Plaintiff is entitled to equitable relief including but not limited to: a) prohibiting Defendants from engaging in further discrimination, b) requirement of specific managerial training to prevent discrimination, c) reinstatement to Ms. Dudley's previous position and d) such other and further relief as is necessary to effectuate the purposes of the Iowa Civil Rights Act.

**COUNT II:**
**VIOLATION OF THE IOWA CIVIL RIGHTS ACT FOR**
**RETALIATION**

61. Plaintiff realleges paragraphs 1-60 as if fully set forth herein.

62. Ms. Dudley engaged in protected activity under the Iowa Civil Rights Act and was protected from retaliation for the same.

63. Ms. Dudley informed Defendant of her disability and her pregnancy in 2015.

64. Ms. Dudley made multiple requests to Defendant for accommodations for her disability and her pregnancy in 2015 and 2016.

65. When Ms. Dudley received ineffective accommodations, she attempted to engage in the interactive process with Defendant to manage her ADHD and her performance metrics but Defendant would not engage in the interactive process with her.

66. Ms. Dudley made multiple complaints to her Supervisor and to Employee Relations regarding the lack of effective accommodations and because no one would engage in the interactive process with her to determine how to best accommodation her disability and her pregnancy.

67. Plaintiff complained about the previous failures to accommodate her in February 2016, instead of accommodating Ms. Dudley, Supervisor Moses assured Ms. Dudley that her job was safe.

68. Instead of engaging in the interactive process with Ms. Dudley when she reported that she was not being effectively accommodated, Supervisor Moses disciplined Ms. Dudley for performance metrics that Caucasian employees were not similarly disciplined for.

69. Defendant used discriminatory performance standards to write up Ms. Dudley when she complained of discriminatory practices. Ms. Dudley had previously filed a

8

discrimination complaint against Ms. Moses in 2013. Defendant's employees' behavior changed toward Plaintiff both after filing the EEOC complaint in 2013 and again when she requested accommodations in at least April 2015, August 2015, and February 2016 for her disability and pregnancy.

70. Defendant relied on discriminatory disciplinary write-ups to fire Ms. Dudley.

71. Ms. Dudley explained to Supervisor Moses that her write-ups were related to her disability and pregnancy and her need for accommodations. Supervisor Moses would tell Ms. Dudley that she knew about the pregnancy and ADHD Symptoms but would write Ms. Dudley up anyway.

72. Instead of engaging in the interactive process with Ms. Dudley when she reported that she was not being effectively accommodated in February 2016, Defendant fired Ms. Dudley.

73. Ms. Dudley asked Gary Peterson in Employee Relations for her job back after she was terminated. During this conversation, Ms. Dudley also told Mr. Peterson that Supervisor Moses had told Ms. Dudley to cancel her FMLA application, but Mr. Peterson did not hire Ms. Dudley back.

74. As a proximate result of Defendant's acts and omissions Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress, lost wages, benefits, future earnings and other emoluments of employment.

75. In addition, Plaintiff is entitled to equitable relief including but not limited to: a) prohibiting Defendants from engaging in further discrimination, b) requirement of specific managerial training to prevent discrimination, c) reinstatement to Ms. Dudley's previous position and d) such other and further relief as is necessary to effectuate the purposes of the Iowa Civil Rights Act.

**WHEREFORE** Plaintiff prays that the Court find that Defendant unlawfully discriminated against her on the basis of her race, disability (real or perceived) and pregnancy and further find that Defendant failed to accommodate Plaintiff and also retaliated against her, and that the Court order Defendant to pay Plaintiff appropriate damages for lost wages and emotional distress in an amount to be proved at trial; that the Court order Defendant to pay all costs and attorneys' fees incurred by Plaintiff in pursuing this action, for equitable relief, and that the Court order and adjudge such other and further relief as it deems just and proper.

## JURY DEMAND

**COMES NOW** the Plaintiff, Tysheka Dudley, and hereby requests a trial by jury in the above-captioned matter.

                          NEWKIRK ZWAGERMAN, P.L.C.

                          */s/ Beatriz Mate-Kodjo*
                          Jill Zwagerman AT0000324
                          jzwagerman@newkirklaw.com
                          Beatriz Mate-Kodjo AT0012331
                          Bmate-kodjo@newkirklaw.com
                          521 E. Locust Street, Suite 300
                          Des Moines, IA  50309
                          Telephone:  515-883-2000
                          Fax:  515-883-2004
                          ATTORNEYS FOR PLAINTIFF

Original filed.

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TYSHEKA DUDLEY,<br><br>Plaintiffs,<br><br>v.<br><br>METLIFE GROUP INC.,<br><br>Defendant. | CASE NO. CL _____<br><br><br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT(S):**

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Jill Zwagerman and Beatriz Mate-Kodjo of the Newkirk Zwagerman, PLC, whose address is 521 East Locust Street, Suite 300, Des Moines, Iowa  50309. That attorney's phone number is (515) 883-2000; facsimile number (515) 883-2004.

You are notified this case has been filed in a county that utilizes electronic filing. You may refer to the Iowa Court Rules Chapter 16 for general rules and information on electronic filing. For information regarding the protection of personal information in court filings, refer to rules in Chapter 16, division VI.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

                                                                           _____
                                                                           CLERK OF COURT
                                                                           Polk County Courthouse
                                                                           Des Moines, Iowa 50309

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

E-FILED 2018 MAR 01 8:46 AM POLK - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

Case No. LACL140518
County Polk

Case Title  TYSHEKA DUDLEY VS METLIFE GROUP INC

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16**: http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued  03/01/2018 08:46:58 AM



District Clerk of  Polk                County

/s/ Yoshimi Tamura

IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY

| | |
|---|---|
| TYSHEKA DUDLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>METLIFE GROUP INC.<br><br><br>    Defendants. | CL No: LACL140518<br><br><br>**CERTIFICATE OF SERVICE** |

The undersigned, Sherry Christensen, hereby certifies that a true and correct copy of the Original Notice and Petition and Jury Demand were served, via hand delivery with Defendant MetLife's registered agent on this 8th day of March 2018, to the following:

CT Corporation System
400 E. Court Avenue
Des Moines, IA 50309

                                NEWKIRK ZWAGERMAN, P.L.C.


                                ____/s/ Sherry Christensen_____
                                Sherry Christensen
                                Newkirk Zwagerman, P.L.C.
                                521 E. Locust Street, Suite 300
                                Des Moines, IA 50309
                                Telephone: 515-883-2000

1